No. 5394.

ATHENS MANUFACTURING COMPANY OF GEORGIA VS. THOMAS H. HUNT.

Plaintiff contends that defendant was an accommodation indorser, therefore a surety, and consequently not entitled to notice of dishonor. The authorities cited in support of the position are to the effect that the obligation of one whose name was placed on the back of a note or bill before indorsement by the payee is not that of an indorser, under the commercial law, but of an ordinary surety, and he cannot avail himself of the want of notice. But this was not the case of defendant, who was the indorsee of the payee. He was a necessary party to the bill at the time plaintiff acquired it under his indorsement.

APPEAL from the Fourth District Court, parish of Orleans. *Lynch*, J. *Albert Voorhies*, for plaintiff and appellant. *Thomas Hunton*, for defendant and appellee.

WYLY, J. Plaintiff appeals from the judgment, rejecting its demand against the defendant, who was sued as the indorser of a bill of exchange for five hundred pounds sterling, drawn by B. L. Fecklin, at Wilmington, on the seventh of October, 1874, on Messrs. C. Joyce & Co., London, payable sixty days after sight.

The obligation of an indorser is conditional. Due notice of protest of a foreign bill is necessary to fix the liability of an indorser.

Athens Manufacturing Company of Georgia vs. Hunt.

In the case at bar plaintiff has failed to show that defendant received proper notice of dishonor of the bill.

Plaintiff, however, contends that defendant was an accommodation indorser, therefore a surety, and consequently not entitled to notice of dishonor. The authorities cited in support. of the position are to the effect that the obligation of one whose name was placed on the back of a note or bill before indorsement by the payee is not that of an indorser under the commercial law, but of an ordinary surety, and he cannot avail himself of the want of notice.

This was not the case of defendant, who was the indorsee of the payee. He was a necessary party to the bill at the time plaintiff acquired it under his indorsement.

In the petition plaintiff alleges that the bill was indorsed by the payee, E. G. Westmoreland, to the order of Thomas H. Hunt, the defendant. The judgment was correct.

Judgment affirmed.

Rehearing refused.